UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JUAN LIMON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:24-cv-00552-JPH-MG |
| | ) |
| WADAS, | ) |
| | ) |
| Respondent. | ) |

**ORDER TO SHOW CAUSE WHY HABEAS PETITION SHOULD NOT BE DISMISSED AS MOOT AND FOR FAILURE TO PROSECUTE**

Juan Limon, an individual who was incarcerated at the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that the Bureau of Prisons ("BOP") was improperly delaying his release to a residential reentry center ("RRC") based on an alleged lack of bedspace. Dkt. 1. He asked the Court to order his immediate transfer to prerelease custody. This is not a challenge to the length of his sentence because, even after an inmate is transferred to prerelease custody, such as an RRC or home confinement, he remains in the custody of the BOP. Instead, when an inmate is transferred to an RRC or home confinement, he is simply serving the remainder of his sentence of imprisonment in an RRC or home confinement and not in a prison. *See, e.g.,* 18 U.S.C. § 3624(c)(1)–(2)) (the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term . . . under conditions that will afford a reasonable opportunity to adjust and prepare for the reentry of that prisoner into the community," including home

1

confinement and community corrections facilities); 18 U.S.C. § 3624(g)(2) (identifying home confinement and RRCs as types of prerelease custody).

As of the writing of this Order, the BOP's website reflects that Mr. Limon is no longer in prison. Instead, he is under the supervision of the Residential Reentry Management Center in Kansas City. *See* https://www.bop.gov/inmateloc/ (last visited Sept. 3, 2025). This suggests that he has now been transferred to prerelease custody. As a result, the relief he was seeking is of no benefit to him anymore, and the Court cannot provide him with any effective relief. Accordingly, it appears that there is no case or controversy between the parties as to this issue, and Mr. Limon's petition is moot as presented to the Court as to this issue. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (Article III case-or-controversy requirement requires that, throughout the litigation, petitioner must have suffered or be threatened with an actual injury likely to be redressed by a favorable judicial decision).

The Court recognizes that a habeas petitioner who has been released from custody can satisfy the case-or-controversy requirement if some "collateral consequences" remain because of the custody. *Id.*; *see also Pope v. Perdue*, 889 F.3d 410, 414–15 (7th Cir. 2018) (discussing collateral consequences after release to supervised release). But Mr. Limon's petition makes no argument suggesting that the alleged failure to timely transfer him to prerelease custody carried with it any such collateral consequences that survived his release from prison.

The Court also notes that Mr. Limon has been released from prison but has not updated his address with the Court as required. *See* dkt. 8 (requiring Mr. Limon to update his address with the Court within 10 days of release). Thus, it appears that he has abandoned this action and is failing to prosecute this case. *See* Fed. R. Civ. P. 41(b) (allowing court to dismiss a case for failure to prosecute or to comply with a court order); *see* Rule 12 of the Rules Governing Section 2254 Cases, made applicable to Section 2241 Petitioner by Rule 1(b) (allowing the court to apply the Federal Rules of Civil Procedure in habeas actions).

Accordingly, within **30 days of the date of this Order**, Mr. Limon shall show cause why his habeas petition should not be dismissed a moot and for failure to prosecute. **Failure to do so will result in the petition being dismissed as moot**.

Because Mr. Limon has been released from prison and has not updated his address with the Court, the Court cannot send him a copy of this Order. The **clerk is directed** to make a copy available upon request.

**SO ORDERED.**

Date: 9/8/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JUAN LIMON
[no current address available; copy available upon request]

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov

3